

# United States District Court
Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:04-CR-179-A(02) |
| JORGE SALINAS | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney Frederick M. Schattman. The defendant, JORGE SALINAS, was represented by Jeffrey L. Cureton.

The defendant pleaded guilty on January 7, 2005 to count 1 of the indictment filed on November 17, 2004. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of such count involving the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) & (b)(1)(B) | POSSESSION OF MORE THAN 50 GRAMS OF A SUBSTANCE CONTAINING METHAMPHETAMINE WITH INTENT TO DISTRIBUTE | August 13, 2003 | 1 |

As pronounced and imposed on April 22, 2005, the defendant is sentenced as provided in this judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $100.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months.

The defendant is remanded to the custody of the United States Marshal.

The court recommends to the Bureau of Prisons that defendant be allowed to participate in the Institution Residential Drug Abuse Treatment Program.

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years, and that while on supervised release:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not possess illegal controlled substances.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer.

4. The defendant shall cooperate in the collection of DNA within the first 180 days of supervision, as directed by the U.S. Probation Officer.

5. The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered at a rate of at least $10 per month.

6. The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

### Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his or her dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by Title 18 United States Code section 3583(f).

<u>FINE</u>

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

Signed this the __27__ day of April, 2005.

```
                                        /s/ John McBryde
                                        _____
                                        JOHN McBRYDE
                                        UNITED STATES DISTRICT JUDGE
```

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

4

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____
_____

Defendant delivered on_____, 200__ to_____
at_____, with a certified copy of this Judgment.

                Randy Ely
                United States Marshal for the
                Northern District of Texas


                By _____
                    Deputy United States Marshal